UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SAMMY D. YORK, HENRY H. HOLUBEC, JR., and GREGORY R. HAYES | ) ) ) | |
| Plaintiffs, | ) ) | No. 2:15-CV-00352 |
| | ) ) | |
| | ) | DEFENDANT TEXAS A&M UNIVERSITY |
| | ) | 12TH MAN FOUNDATION'S MOTION TO |
| v. | ) | DISMISS UNDER RULE 12(B)(1) FOR |
| | ) | LACK OF SUBJECT-MATTER |
| | ) | JURISDICTION |
| TEXAS A&M UNIVERSITY 12TH MAN FOUNDATION a/k/a THE 12TH MAN FOUNDATION, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

Defendant Texas A&M University 12th Man Foundation (the "Foundation") moves to

dismiss this case under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-

matter jurisdiction, while reserving its right to raise other grounds for dismissal (if necessary)

after subject-matter jurisdiction is resolved.

## SUMMARY OF ARGUMENT

Plaintiffs have invoked the minimal diversity jurisdiction requirements of the Class

Action Fairness Act ("CAFA").  Two mandatory abstention provisions to CAFA, however,

require this Court to decline to exercise CAFA jurisdiction.  First, the home state abstention

provision applies because far more than two-thirds of the proposed class members are citizens of

Texas as is the sole defendant.  Second, the local controversy provision applies for the same

reasons and because the primary alleged injuries occurred in Texas and no similar proposed class

action has been filed against the Foundation during the three-year period before this suit was

filed.  Dismissal is therefore mandatory.

48338910

## THIS COURT'S STANDARD OF REVIEW

"A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction tests the court's statutory or constitutional power to adjudicate the case." *Wesolek v. Layton*, 871 F. Supp. 2d 620, 627 (S.D. Tex. 2012) (citing *Home Builders' Assoc. of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).  A 12(b)(1) motion for lack of subject-matter jurisdiction "must be considered by the district court before other challenges 'since the court must find jurisdiction before determining the validity of a claim.'"  *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (citation omitted).

"Lack of subject matter jurisdiction may be found in any one of three instances:  (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Wesolek v. Layton*, 871 F. Supp. 2d at 627 (citations omitted).  "The use of affidavits in consideration of a Rule 12(b)(1) motion to dismiss for lack of jurisdiction is proper and, unlike a Rule 12(b)(6) motion, does not require notice to the plaintiffs or change the motion into a motion for summary judgment." *Charmichael v. United Tech. Corp.*, 835 F.2d 109, 114 n.7 (5th Cir. 1988).

## FACTS RELEVANT TO THIS MOTION

### 1.     The Named Parties

Plaintiffs allege that they are all Texas residents, Doc. 1 ¶¶ 13, 25, 29, and therefore, they are citizens of Texas.  The only defendant in the case, the Foundation, is a Texas nonprofit corporation with its principal place of business in College Station, Texas.  Exhibit A ¶ 2 (Declaration of Irven E. "Skip" Wagner).  It is also, therefore, a citizen of Texas.

### 2.     The Proposed Class

Plaintiffs define their proposed class as:

All persons with Permanently Endowed Scholarship Program contracts whose established seat locations, priority parking or other endowment benefits, including upgrade rights, are subject to alteration or termination if they do not make additional, continuing payments to Defendant.  As incidental relief for this Class, Plaintiffs seek the refund of all monies paid by Class members as additional payments to the Foundation in order to maintain their established seat locations, priority parking or other endowment benefits, or to upgrade the same, as required by Defendant's unilateral application of its Priority Point Program.

Excluded from the Class are a) any individuals who have filed state court action to address their individual claims and (b) the assigned judge, the judge's staff and family.

Doc. 1 ¶ 62.

### 3.    Plaintiffs' Jurisdictional Allegations

Plaintiffs allege jurisdiction under CAFA, 28 U.S.C. § 1332(d)(2).  Without providing a factual basis, they allege that "[t]he Court has original jurisdiction over this action because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which members of the class of plaintiffs are citizens of a State different from Defendant."  Doc. 1 ¶ 31.

### ARGUMENT AND AUTHORITIES

CAFA authorizes federal district courts to exercise jurisdiction over certain class actions even where no federal question jurisdiction is presented and where the parties to the action are not completely diverse.  The jurisdiction grant has mandatory abstention provisions that apply in this case—the "home state" exception and the "local controversy" exception. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 569-70, 573 (5th Cir. 2011).  Each of those exceptions independently "requires federal courts to decline jurisdiction over a proposed class action" when proved by a preponderance of the evidence.  *Id.*  The abstention provisions under CAFA "provide a statutory vehicle for the district courts to ferret out the controversy that uniquely affects a particular locality to the exclusion of all others."  *Id.* at 570, 573 (citations omitted)

("district court properly applied the 'local controversy' and 'home state' mandatory abstention provisions to CAFA diversity jurisdiction" where the proposed class did not fulfill the "spirit and intent of CAFA").

"The party objecting to CAFA jurisdiction must prove that the CAFA exceptions to federal jurisdiction divests the district court of subject matter jurisdiction." *Id.* at 571 (citations omitted).  That burden is met where "the district court may make 'a reasonable assumption' of CAFA's citizenship requirements from evidence that indicates the 'probable citizenship of the proposed class.'"  *Williams v. Homeland Inc. Co. of NY*, 657 F.3d 287, 291 (5th Cir. 2011) (citation omitted) (affirming remand to state court where local controversy exception was met).

## 1.    "Home state" mandatory abstention requires the Court to decline jurisdiction.

Dismissal is required under the home state mandatory abstention provision.  CAFA's "home state mandatory abstention provision prevents a federal district court from exercising subject matter jurisdiction when 'two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.'"  *Id.* at 570 (quoting 28 U.S.C. § 1332(d)(4)(B)).  Far more than two-thirds of Plaintiffs' proposed class are citizens of Texas.

As evidenced by the declaration of Mr. Wagner, President of the Foundation, there are currently 440 persons in the proposed class of persons with what the Plaintiffs describe as "Permanently Endowed Scholarship Program contracts" (excluding those individuals who have filed state court action to address their individual claims).  *See* Ex. A ¶ 4.  Of those 440 persons, 426 have provided the Foundation with Texas addresses as their primary contact address (including the named Plaintiffs in this action), leaving 14 of those 440 persons who have

48338910                                               4

provided out-of-state addresses. *Id.*[1]   That means 96.8% of the proposed class members are citizens of Texas.   That is more than two thirds of the proposed class members.   The only defendant, the Foundation, is also a citizen of Texas because it is a Texas nonprofit corporation with its principal place of business in Texas.   Ex. A ¶ 2; *see First Baptist Church of Mauriceville, Tex. v. GuideOne Mutual Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *5 (E.D. Tex. Sept. 29, 2008).

This case meets both prongs of the home state mandatory abstention provision of CAFA, which requires dismissal of this case for lack of jurisdiction.

**2.       "Local controversy" mandatory abstention also requires the Court to decline jurisdiction.**

Dismissal is also required under the local controversy mandatory abstention doctrine, which requires the district court to decline its jurisdiction under CAFA:

(A)(i) over a class action in which—

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

> (II) at least 1 defendant is a defendant—

>> (aa) from whom significant relief is sought by members of the plaintiff class;

>> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

>> (cc) who is a citizen of the State in which the action was originally filed; and

---

[1] The Fifth Circuit has authorized determining citizenship of a proposed CAFA class by using a defendant's records of the proposed plaintiffs' addresses to establish their citizenship.   *E.g.*, *Preston v. Tenet Heathsystem Mem. Med. Ctr., Inc.*, 485 F.3d 804, 817-18 (5th Cir. 2007) (remanding to state court where home state and local controversy abstention was required).

> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
> (ii) during the 3–year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons ....

*Williams*, 657 F.3d at 290 (quoting § 1332(d)(4)(A)).

Each local controversy requirement is met here.  First, as shown above, greater then two-thirds of the proposed class members are citizens of Texas as is the only defendant, against whom all of the relief is sought.  Ex. 1 ¶¶ 2, 4.  From the face of the complaint, the principal injuries allegedly resulting from the Foundation's conduct were incurred in Texas.  The complaint alleges no conduct of the Foundation outside of Texas, each of the proposed class members allegedly entered into a contract with the Foundation in Texas, and 96.8% of the proposed class members reside in Texas.  *See Williams*, 657 F.3d at 292 ("the principal injuries resulting from each defendant's alleged or related conduct must have occurred in Louisiana" where "a supermajority of plaintiffs are Louisiana citizens, who rendered services in Louisiana, and who allege that the defendants violated the Louisiana PPO Act").  Finally, Mr. Wagner avers that no other class action has been filed asserting the same or similar allegations against the Foundation on behalf of the same or other persons during the three-year period preceding the filing of this case.  Doc. 1 ¶ 6.

Dismissal is also required, therefore, because this case meets each prong of the local controversy mandatory abstention provision of CAFA.

**PRAYER**

Texas A&M University 12th Man Foundation a/k/a The 12th Man Foundation respectfully asks the Court to dismiss Plaintiffs' case in its entirety for lack of subject-matter jurisdiction and grant the Foundation any other relief to which it may be entitled.

Dated: March 13, 2015.

Respectfully submitted,


_____/s/ Otis Carroll_____
Otis Carroll (State Bar No. 03895700)
Lead Attorney
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Tel: (903) 561-1600
Fax: (903) 581-1071
nancy@icklaw.com


Layne E. Kruse (State Bar No. 11742550)
layne.kruse@nortonrosefulbright.com
Randall S. Richardson (State Bar No. 24027658)
randall.richardson@nortonrosefulbright.com
Otway Denny (State Bar No. 05755500)
otway.denny@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas  77010
Telephone:  (713) 651-5151
Telecopier:  (713) 651-5246

Attorneys for Defendant Texas A&M
University 12th Man Foundation a/k/a The
12th Man Foundation

48338910

7

**CERTIFICATE OF FILING AND SERVICE**

I certify that on March 13, 2015, the foregoing document was electronically transmitted to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all registered counsel of record.


_/s/ Randall S. Richardson_
Randall S. Richardson