IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SAMMY D. YORK, et al., | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Case No. 2:15-CV-352-JRG |
| TEXAS A&M UNIVERSITY 12th MAN FOUNDATION a/k/a THE 12TH MAN FOUNDATION, | § § § § § | |
| *Defendant*. | § | |

# ORDER

Before the Court is Plaintiffs' Motion for Temporary Restraining Order and for Preliminary Injunction (Dkt. No. 2, filed March 11, 2015) and Defendant A&M's Opposition (Dkt. No. 3, filed March 13, 2015.) Plaintiffs' Motion seeks the following relief from the Court:

1. To issue a temporary restraining order, and

2. To issue a preliminary injunction,

> (a) restraining Defendant 12th Man Foundation from applying its Priority Points Program and Kyle Field Reseating Plan to change the established seating locations of any of the Foundation's Permanently Endowed Donors, including each Plaintiff;
>
> (b) ordering Defendant 12th Man Foundation to cease and desist its harassment and intimidation of the Permanently Endowed Donors who object to the Foundation's plan to reseat Kyle Field; and
>
> (c) ordering Defendant 12th Man Foundation to refrain from taking any action that would punish or disadvantage Plaintiffs or any other Permanently Endowed Donor by reason of the bringing of this lawsuit.

(Mot. at 1-2.) Defendant objects to Plaintiffs' Motion. Defendant responds that "Plaintiffs have known about (and participated in) the reseating process for nearly two years, but they waited to

apply for injunctive relief until three days before the final reseating step was scheduled to occur," and that Plaintiffs' have failed to meet the burdens necessary for a temporary restraining order or preliminary injunction. (Resp. at 1-2.)

"Plaintiffs seeking a preliminary injunction must show: (1) a substantial likelihood of success on the merits, (2) a substantial threat that plaintiffs will suffer irreparable harm if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and (4) that the injunction will not disserve the public interest. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008) (citing *Planned Parenthood of Houston & S.E. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir.2005)). "A preliminary injunction is an 'extraordinary remedy' and should only be granted if the plaintiffs have clearly carried the burden of persuasion on all four requirements." *Id.*

Plaintiffs have requested, in asking the Court to enjoin Defendant's actions, that the Court grant them an extraordinary remedy. The remedy of a preliminary injunction is extraordinary because it asks a Court to prevent members of a free society from taking otherwise lawful actions before they have received due process of law (through the ordinary course of a trial where such actions have been proven contrary to the law). Having reviewed the record before the Court, the Court does not find that Plaintiffs have clearly carried their burden of persuasion on the requirements for a preliminary injunction.[1] As but one example, assuming *arguendo* that Plaintiffs are correct in their claims and Plaintiffs are, in fact, seated such that they are harmed by experiencing games from relatively inferior positions, the Court is not clearly persuaded that this meets the high bar that the test of irreparable injury under the law requires.

---

[1] As Defendants have had notice of Plaintiffs' Motion and have an opportunity to respond, the Court does not find any meaningful difference between the analysis of Plaintiff's request for a temporary restraining order and Plaintiff's request for a preliminary injunction in this case.

Among other reasons, harm is generally not an irreparable injury if it can be adequately compensated by money damages,[2] and instead of showing a harm that money cannot make whole, Plaintiffs only show evidence that the monetary value of their harm might be difficult to calculate in advance. The Court is not clearly persuaded that the elements necessary for a preliminary injunction have been proven and therefore **DENIES** Plaintiffs' Motion for Temporary Restraining Order and for Preliminary Injunction (Dkt. No. 2.)

**So Ordered and Signed on this**

**Mar 14, 2015**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[2] *See Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) ("It is thus well-established that an injury is irreparable only 'if it cannot be undone through monetary remedies.' Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of an injunction, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.") (citations omitted).